[Cite as *State v. Moncrief*, 2022-Ohio-1261.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29221 |
| | : | |
| v. | : | Trial Court Case No. TRD2102557 |
| | : | |
| MARY MONCRIEF | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of April, 2022.

. . . . . . . . . . .

ERIK R. BLAINE, Atty. Reg. No. 0080726, Assistant City of Vandalia Prosecuting Attorney, 245 James E. Bohanan Memorial Drive, Vandalia, Ohio 45377
         Attorney for Plaintiff-Appellee

WILLIAM O. CASS, JR. Atty. Reg. No. 0034517, 1250 West Dorothy Lane, Suite 203, Kettering, Ohio 45409
         Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Mary Moncrief appeals from her conviction following a bench trial on one count of leaving the scene of an accident in violation of Vandalia Ordinance No. 436.12, a first-degree misdemeanor.

{¶ 2} Moncrief challenges the legal sufficiency and manifest weight of the evidence to sustain her conviction. She contends the evidence did not support a finding that she backed her mini-van into another vehicle in a parking lot and drove away without informing anyone.

{¶ 3} We conclude that Moncrief's conviction was supported by legally sufficient evidence and was not against the weight of the evidence. Accordingly, the trial court's judgment will be affirmed.

## I. Factual Background

{¶ 4} The State's primary witness at trial was Cerah Dugan. On the morning of April 30, 2021, Dugan was sitting in the parking lot of a Vandalia doctor's office with her mother-in-law. They had arrived early for a doctor's appointment. While waiting in their vehicle, Dugan saw a silver Chevy mini-van pull into the lot and park. After a few minutes, the mini-van started backing up. Dugan heard a "crunch noise" and determined that the mini-van had hit a parked black car. She described the driver of the mini-van as a female with shoulder-length hair. At trial, Dugan identified Moncrief as the driver of the mini-van with 100 percent certainty. She testified that the mini-van had pulled away and left the parking lot after hitting the black car. Dugan was able to take a picture of the rear of the mini-van, including its license plate, before it exited the parking lot. Dugan also photographed the car that had been hit.

{¶ 5} The State's next witness was Wendy Wilson. She testified that she had driven her black Chevy Impala to the same doctor's office on the morning in question. When she parked her car and entered the doctor's office, her bumper was not scratched or dented. When she finished her appointment and returned to the parking lot, she saw scratches and dents on her car's bumper. They appeared to her to be gray or white, or "just a lighter color than [her] black bumper."

{¶ 6} Police officer David Craine also testified for the prosecution. He was called to the scene after the incident and spoke with Dugan and Wilson. Craine observed the damage to Wilson's bumper and viewed Dugan's photograph showing the license plate of the suspect mini-van. Craine tracked the plate number and discovered that the mini-van was registered to Moncrief. Following Craine's testimony, the State rested.

{¶ 7} Moncrief then testified in her own defense. She denied being in the parking lot where the incident occurred. At the time of the accident, she claimed to have driven to her own medical appointment at a nearby location in Vandalia. Moncrief also denied hitting another vehicle, testifying that she would have known and would have stopped if a collision had occurred. On cross-examination, however, she acknowledged that the mini-van shown in the picture taken by Dugan appeared to be her mini-van.

{¶ 8} Based on the evidence presented, the trial court found Moncrief guilty. It credited the testimony of eyewitness Dugan while discounting Moncrief's testimony as self-serving. This appeal followed.

## II. Analysis

{¶ 9} In her sole assignment of error, Moncrief challenges the legal sufficiency and

manifest weight of the evidence to sustain her conviction. She reasons that conflicts between her testimony and Dugan's testimony "created at least reasonable doubt." She questions the accuracy of Dugan's eyewitness identification and whether an accident actually occurred. In addition, Moncrief stresses her testimony that her medical appointment that morning was at a different location in Vandalia and that she did not hit another car.

{¶ 10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 11} Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20

Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 12} With the foregoing standards in mind, we conclude that Moncrief's conviction was based on legally sufficient evidence and was not against the weight of the evidence. She was convicted of violating Vandalia Ordinance 436.12, which addresses stopping after an accident on other than public roads. It provides:

(a)(1) *In the case of a motor vehicle accident or collision resulting in injury or damage to persons or property on any public or private property other than a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, shall stop at the scene of the accident or collision.* Upon request of any person who is injured or damaged, or any other person, the operator shall give that person the operator's name and address, and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, and, if available, exhibit the operator's driver's or commercial driver's license.

\* \* \*

(3) *If the accident or collision is with an unoccupied or unattended motor vehicle, the operator who collides with the motor vehicle shall securely attach the information required under division (a)(1) of this section, in writing, to a conspicuous place in or on the unoccupied or unattended motor vehicle.*

(Emphasis added.)

{¶ 13} Here the prosecution's evidence, if believed, was legally sufficient to support a finding that Moncrief violated Ordinance 436.12 by backing into Wilson's car in the parking lot and immediately leaving the scene without providing the required information. Eyewitness Dugan testified that she heard a "crunch noise" as Moncrief's mini-van struck Wilson's car. Dugan observed damage to Wilson's bumper and positively identified Moncrief as the driver of the mini-van. She also photographed Moncrief's license plate and watched as Moncrief drove away without providing any information. Dugan's testimony alone was legally sufficient to support Moncrief's conviction.

{¶ 14} The conviction also was not against the manifest weight of the evidence. In addition to Dugan's testimony, officer Craine confirmed that the mini-van was registered to Moncrief. Wilson testified that her vehicle's bumper was not scratched and dented when she parked and that the bumper was scratched and dented when she returned to the parking lot after her appointment. Although Moncrief denied being in the parking lot where the incident occurred, we find it notable that she admitted driving to a medical appointment at a nearby location around the time in question. Moreover, Dugan's photograph established that Moncrief's vehicle in fact *was* in the parking lot where the accident occurred.

{¶ 15} In light of the evidence presented, it appears that Moncrief arrived early for her own doctor's appointment at the wrong location. After realizing her mistake, she backed out of her parking space, struck Wilson's car, and proceeded to the correct location without stopping to provide the information required by the ordinance. But regardless of where Moncrief was headed when she left, the manifest weight of the

evidence strongly supported a finding that she hit Wilson's car and left the scene in violation of Vandalia Ordinance 436.12. This is not an exceptional case in which the evidence weighed heavily against the conviction.

### III. Conclusion

**{¶ 16}** Moncrief's assignment of error is overruled, and the judgment of the Vandalia Municipal Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.

Copies sent to:

Erik R. Blaine
William O. Cass, Jr.
Hon. Cynthia M. Heck